### THE VILLE DE ST. NAZAIRE.

(District Court, D. Oregon.   August 18, 1903.)

#### No. 4,658.

**1. ADMIRALTY—SUITS IN REM—GROUNDS OF RECOVERY.**

A suit in rem against a ship cannot be maintained to recover for damage to a tug which was hired and used by the master in a towage service, on the ground that he was bound to return the tug in as good condition as when received, usual wear excepted; the right of action being against the owners on the contract, and not one based on any fault of the ship.

In Admiralty. Suit in rem to recover damages for injury of steamer.

Dolph, Mallory, Simon & Gearin, for libelant.
Williams, Wood & Linthicum, for respondent.

BELLINGER, District Judge. This is a suit in admiralty against the ship Ville de St. Nazaire for damages to the libelant's steamboat Regulator. The ship Ville de St. Nazaire was lying in the Willamette river, at the Oceanic dock, and was about to move to Columbia dock, a half a mile up stream, to complete her cargo. The master of the ship hired the Regulator to assist in towing the ship from one dock to the other, and for this purpose the steamer was turned over to the said master, and was used under his direction in the service for which she was hired. While performing this service, in conjunction with another steamer hired by the master for the same purpose, and while the steamers and ship were moving up the river under the charge of a pilot employed by the ship's master, the Regulator was caught between the Ville de St. Nazaire and the ship Desaix, which was anchored in the stream, and was crushed and damaged. It is the contention of the libelant that it was the duty of the master of the Ville de St. Nazaire to return the Regulator in as good a condition as when he received her, reasonable wear excepted, and that, not having done so, the libelant company is entitled to proceed against the ship for the damages sustained. The distinguishing feature of proceedings in rem is that the vessel or thing proceeded against is impleaded as the real defendant. In a case for damages such as this, some fault or negligence on

¶ 1. See Admiralty, vol. 1, Cent. Dig. § 279.

the part of those in control must be imputed to the ship, in order to charge it with liability. The ship must be regarded as an actor, whose offending has caused the injury complained of. Here the liability sought to be enforced arises out of a contract obligation of the master of the ship to return the steamer in as good condition as she was when she undertook the towage service. The liability sought to be enforced is that of the owner, against whom the injured party is entitled to have its remedy by a proceeding in personam.

The libel is dismissed, at the libelant's costs.

---

## THE EL CID.

(District Court, S. D. New York. June 29, 1903.)

1. COLLISION—VESSEL AT ANCHOR—STEAMSHIP OUT OF FAIRWAY.

The steering gear of the steamship El Cid became disabled in New York Bay as she was going out to sea, and she drifted with the tide upon the steamship Himera, lying at anchor, and a collision resulted. *Held*, on the evidence, that the Himera was within the anchorage grounds, and that the El Cid was in fault for the collision solely because she was out of the fairway; the case being otherwise one of accident which could not have been foreseen, or its results averted.

In Admiralty. Suit for collision.

Maxwell Evarts, for claimant.
Henry W. Goodrich, for libelant.